UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARREL ROGERS,

    Plaintiff,

v.                                                      Case No. 22-CV-066

CHRISTOPHER MANTHEI,

    Defendant.

## ORDER

On October 18, 2023, the court screened *pro se* plaintiff Darrel Rogers's complaint allowing him to proceed on a First Amendment retaliation claim against defendant Christopher Manthei. (ECF No. 11.) The court did not allow him to proceed on a First Amendment claim against any other defendant. On January 5, 2024, Rogers filed a motion for reconsideration of the screening order, arguing that he should be allowed to proceed on a retaliation claim against complaint examiner Tonia Moon because she did not properly process his inmate grievance. (ECF No. 30.) The court denied the motion for reconsideration, noting the reason Rogers was not allowed to proceed against Moon originally was because he did not allege any protected activity that he engaged in that resulted in Moon's retaliation. (ECF No. 31.) The court informed Rogers that he would have to move to amend his complaint, because the allegations do not appear in his original complaint.

On March 6, 2024, Rogers filed another motion to stay the summary judgment briefing schedule and moved to amend his complaint. Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

Here, allowing Rogers to amend his complaint would be futile because he still does not include allegations that Moon retaliated against him. His motion is denied.

Rogers still has not responded to the defendant's motion for summary judgment. His response was due March 5, 2024. However, because he filed a motion to stay with his motion to amend the complaint, the court will give Rogers **one final opportunity** to respond to the defendants' motion for summary judgment. Rogers may not move for another stay or extension without a showing of good cause. Failure to respond to the defendant's summary judgment motion by the deadline below will result in the court accepting as true all the defendant's facts and will likely result in the court granting summary judgment in the defendant's favor.

**IT IS THEREFORE ORDERED** that Rogers's motion to amend the complaint (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Rogers motion to stay the summary judgment briefing schedule is **DENIED as moot**. Rogers must file a response to the defendants' motion for summary judgment by **April 10, 2024**. The defendant's reply, should he wish to file one, is due in accordance with applicable local rules.

Dated in Milwaukee, Wisconsin this 20th day of March, 2024.

*Stephen C. Dries*
STEPHEN DRIES
United States Magistrate Judge